UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GMAC REAL ESTATE LLC.**

      **Plaintiff,**                                 Case No. 2:07-cv-1017
                                                   JUDGE GREGORY L. FROST
      v.                                           Magistrate Judge Norah McCann King

**PRINDLE REAL ESTATE INC., et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' motion to strike in part Plaintiff's Complaint. (Doc. #7.) For the following reasons, Defendants' motion is **DENIED**.

**I. APPLICABLE STANDARD**

Plaintiff moves this Court under Fed. R. Civ. P. 12(f) for an order striking Plaintiff's fraud claim against Marty Prindle and Jeffrey B. Prindle for allegedly failing to plead it with particularity as required by Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule creates a special exception to the liberal notice pleading requirements of Fed. R. Civ. P. 8. When deciding whether to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading, codified in the "short and plain statement of the claim" requirement of Federal Rule of Civil Procedure 8. *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006). "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Id.* (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d

674, 679 (6th Cir. 1988)).  However, "a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions."  *Id.* (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

In turn, Rule 12(f) provides, "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Because striking a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted.  *AT&T Global Information Solutions Co. v. Union Tank Car Co.*, 1997 U.S. Dist. LEXIS 6090, C2-94-876, 1997 WL 382101 (S.D. Ohio Mar. 31, 1997) (citing *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

## II.  DISCUSSION

In opposition to Defendants' motion to strike Plaintiff argues, *inter alia*, that its claim for fraud should not be stricken because it is adequately pleaded.  This Court agrees.

Plaintiff first correctly contends that Defendants' filing of their answer is evidence that Plaintiff's claim of fraud is pleaded with adequate particularity.  *See Shields v Murphy*, 116 FRD 600, 603 (D.C. N.J. 1987) (fact that defendants were able to submit answer to substantially similar complaint filed in state court is evidence that plaintiffs' complaint was pled with sufficient particularity to enable defendants to frame answer and prepare defense).  Indeed, the purpose of Rule 9(b)'s particularity requirement is "fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud.  *Advocacy Org. for Parents and Providers v. Auto Club Ins. Ass'n.*, 176 F.3d 315, 322 (6th Cir. 1999).

Defendants have prepared an informed responsive pleading to Plaintiff's allegations of fraud. (*See* Doc. # 8.)

Second, looking to Plaintiff's pleadings themselves, the Court concludes that Plaintiff has easily met Rule 9(b)'s requirement "that [they] specify the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d at 877. That is, Plaintiff alleges: (who) that the three Defendants committed the fraud, (Complaint ¶ 53); (what) which consists of the underreporting of residential commission income resulting in the underreporting of fees owed to Plaintiff under the Franchise Agreement, *Id.* ¶¶ 31, 32, 54; (when) from January 1, 2003 to December 31, 2005, *Id.* ¶¶ 31, 31, 53; (where) on transaction reports, *Id.* ¶ 30; (how) by underreporting residential commission on transaction reports, *Id.* ¶ 54.

### III.  CONCLUSION

Reading Rule 9(b) and Rule 8 in harmony, the Court concludes that Plaintiff has sufficiently pleaded its claim for fraud and that claim shall not be subject to the drastic remedy requested by Defendants. Accordingly, the Court **DENIES** Defendants' motion to strike in part Plaintiff's Complaint. (Doc. #7.)

**IT IS SO ORDERED.**

        /s/Gregory L. Frost
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**